**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **CRAIG LaROBARDIER,** | : | |
| | : | **Case No. 2:16-cv-00062** |
| **Plaintiff,** | : | |
| | : | **JUDGE JAMES L. GRAHAM** |
| **v.** | : | |
| | : | **Magistrate Judge Terence P. Kemp** |
| **THE OHIO STATE UNIVERSITY,** | : | |
| | : | |
| **Defendant.** | : | |

---

**STIPULATED PROTECTIVE ORDER AND ORDER FOR RELEASE OF
DISCOVERABLE MATERIALS OTHERWISE COVERED BY THE PRIVACY ACT,
FAMILY EDUCATIONAL RIGHTS AND PRIVACY ACT, AND HEALTH INSURANCE
PORTABILITY AND ACCOUNTABILITY ACT**

---

The parties expect the disclosure of documents in this case to involve the exchange of

sensitive information, including, but not limited to, health information protected by the Health

Insurance Portability and Accountability Act of 1996, Pub.L. 104-191 ("HIPAA"), tax returns of

third parties not party to the above-captioned lawsuit, personally identifying information with

respect to students or employees, education records, and other information that may not be

disclosed as set forth in the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. §

1232g, 34 C.F.R. Part 99, and/or any other applicable federal or state law.  In order to permit

discovery, the parties hereto stipulate and agree to, and the Court finds good cause for, entry of a

Protective Order and Order for Release pursuant to Fed. R. Civ. P. 26(c).

It is hereby ORDERED that:

**1.      Scope**.  All documents produced in the course of discovery, including initial

disclosures, all responses to discovery requests, all deposition testimony and exhibits, other

materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible.  The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.      **Form and Timing of Designation.**  A party may designate documents as confidential and restricted from disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation.  Documents shall be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents.  Inadvertent failure to designate a document as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER may be corrected by supplemental written notice given as soon as practicable.  The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3.      **Documents Which May be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.**  Any party may designate documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade

2

secrets, personnel records, personally identifiable information contained in FERPA protected education records, or such other sensitive information that is not publicly available (hereinafter "Confidential Information").  Confidential information subject to this Order shall also include all documents and testimony, and the information contained therein, if such documents and testimony contain:  (a) names, addresses, social security numbers, and/or other personally identifying information of students, complainants, victims or witnesses who participated in any Title IX or similar investigation, except to the extent waived by the person(s) or as otherwise deemed a public record under applicable law, (b) education records as that term is defined by FERPA; (c) protected health information as that term is defined by HIPAA; and (d) personal and confidential information related to any person, including, but not limited to, social security numbers, cell phone numbers, bank account numbers, and other personal financial information. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.  If non-confidential information is contained in or otherwise derived from confidential materials, any portion that consists solely of non-confidential information shall not be confidential for purposes of this Order.

**4.**     **Depositions**.   Deposition testimony shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER only if designated as such.  Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.  Counsel for any party in this case may designate deposition testimony or any portion of deposition testimony as confidential by advising the court reporter and counsel of such designation during the course of the deposition.  Thereafter, the deposition transcripts and any of those portions so designated shall be protected as

3

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

5. **Medical Information.** The parties shall treat as confidential any information related to the medical condition, history and/or treatment of any person identified by the parties as having information relevant to this litigation, regardless of the method by which such information was obtained and regardless of whether such information has been disclosed in any manner prior to the date of this Order. Without limiting the foregoing, any of the parties' discovery requests or responses that reference, contain, or attach information or documents related to such medical condition, history and/or treatment are hereby designated as confidential and subject to the provisions of this Order. The fact that such information is not marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or that it was received by a third party or disclosed prior to the entry of this Protective Order shall not alter the parties' obligations under this paragraph.

6. **Protection of Confidential Material.**

a. **General Protections**. Documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 6(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action including any appeals.

b. **Limited Third-Party Disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (i)–(vii) and as permitted by FERPA. Subject to these requirements, the

4

following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER:

  **i.**  **Counsel**. Counsel for the parties, other attorneys and support staff working with such counsel, and employees and agents of counsel who have responsibility for litigating and preparing this matter for trial;

  **ii.**  **Parties**. Parties and employees of a party;

  **iii.**  **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

  **iv.**  **Mediators.** Any mediator used to attempt resolution of this litigation;

  **v.**  **Witnesses.** Witnesses or potential witnesses (and their counsel) in preparation for or during the course of depositions, hearings, interviews, or trial in this action;

  **vi.**  **Designated Experts**. Designated experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after being provided a copy of this Order; and

  **vii.**  **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

  **c.**  **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order.

d.      **Copies**.  Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the words do not already appear on the copy.  All such copies shall thereafter be entitled to the protection of this Order.

e.      **Inadvertent Production.**  Inadvertent production of any document or information without a designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be governed by Federal Rule of Evidence 502.

7.      **Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents Under Seal**.      To the extent that a brief, memorandum, pleading, or other court filing contains any Confidential Information, then the brief, memorandum, pleading, or other court filing shall either redact the Confidential Information or refer the Court to the particular document filed under seal without disclosing the contents of any Confidential Information.

a.      If any document marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" is filed with redactions of the Confidential Information, the party that originally designated the document as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER may determine that the document or a redacted version of the document should have been filed with the Court under seal.  In that event, the party that originally designated the document as CONFIDENTIAL – SUBJECT TO PROTECTIVE

6

will consult with the filing party to discuss having the filing party revise its filing.  In the event the parties are unable to reach an agreement, the party that originally designated the document as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER is entitled to take whatever steps it deems necessary to protect the confidential nature of the document.

b.      Where redaction of Confidential Information is not possible or adequate, a CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER document shall be filed in accordance with Local Rule 79.3 (Sealed Documents) of the United States District Court for the Southern District of Ohio, Eastern Division and any other procedures set forth in the presiding judge's standing orders or other relevant orders.

c.      To the extent that it is necessary for a party to discuss Confidential Information in a document filed with the Court, then such portion of the document shall be filed under seal with leave of Court.  In such circumstances, counsel shall prepare two versions of the document, a public and a confidential version.  The public version shall contain a redaction of references to CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents.  The confidential version shall be a full and complete version of the document and shall be filed under seal in accordance with Local Rule 79.3 (Sealed Documents) of the United States District Court for the Southern District of Ohio, Eastern Division and any other procedures set forth in the presiding judge's standing orders or other relevant orders.

8.      **Challenges by a Party to Designation as Confidential**.  Any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or nonparty with standing to object (hereafter "party").  Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet

7

and confer in a good faith effort to resolve the objection by agreement. The parties shall confer within five (5) business days of receipt of the objection.  If agreement is reached confirming or waiving the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

9.      **Action by the Court**.  Any party to the above-captioned case may petition this Court concerning a violation of this Order and request any available remedies, including, but not limited to, contempt proceedings.  Applications to the Court for an order relating to any documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall be by motion under Local Rule 7.2 and any other procedures set forth in the presiding judge's standing orders or other relevant orders.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

10.      **Use of Confidential Documents or Information at Trial.**  All trials are open to the public.  Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial.  If a party intends to present at trial CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.). The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**11.** **Information Made Public or Received from a Third Party**.  Notwithstanding anything to the contrary herein, the parties to the above captioned case shall have no obligation under this Order with respect to information that:

      **a.**     Is or becomes publicly available (except as by unauthorized disclosure) including any information currently on file with the Court in pleadings or otherwise; or

      **b.**     Is received from a third-party who is rightfully in possession of such information and who has the right to disclose it.

**12.** **Obligations on Conclusion of Litigation.**

      **a.**     **Order Remains in Effect.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

      **b.**     **Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents.**  Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 6(d), shall be returned to the producing party or the producing party's counsel or representative or destroyed, unless: (1) otherwise ordered by the Court for good cause shown, (2) the return or destruction of such materials is prohibited by law, or (3) the document has been offered into evidence or filed without restriction as to disclosure

      **c.**     **Return of Documents Filed under Seal.**  After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the party who originally produced the documents filed under seal or, after notice, destroy

9

documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

13.     **Order Subject to Modification**.  This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

14.     **No Prior Judicial Determination**.   This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

15.     **No Superseded Laws**.  This Order in no way alters or supersedes the parties' responsibilities under this Court's Electronic Filing Policies and Procedures, or any other applicable confidentiality laws, rules or regulations.

16.     **Persons Bound**.  This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

17.     **Further Limits of this Order.**  Entering into, agreeing to, and/or complying with the terms of this Order shall not:

a.     Prejudice in any way the rights of any party to object to the production of documents or information it considers non-discoverable, or to seek a Court determination whether particular discovery materials should be produced;

   **b.**  Prejudice a party from seeking modification or rescission of this Protective

Order;

   **c.**  Prejudice a party from seeking further protection of any confidential

information; or

   **d.**  Prevent a party from objecting on any ground to the admission into

evidence, at any trial, hearing, or public proceeding in this matter, of any type or

classification of information produced or disclosed pursuant to this Order.

   **18.**  **Privacy Rights.** Nothing in this Order shall prevent non-parties from asserting

their own privacy rights in documents held by the parties, including but not limited to those

rights provided by FERPA or HIPAA, nor shall this Order prevent Defendant from fulfilling the

obligations and responsibilities regarding student privacy placed on it by FERPA, or any other

applicable laws or regulations.

   **19.**  **Clawback Agreement.** The parties have entered into a "Non-Waiver of Privilege

or Clawback Agreement," which is attached hereto and hereby incorporated herein.

   IT IS HEREBY ORDERED.


Dated: <u>June 14, 2016</u>        <u>/s/ Terence P. Kemp     </u>
                 United States Magistrate Judge

APPROVED & AGREED:


*s/ Mark P. Herron by A.M. Seidensticker per e-mail
authority of 06/01/2016*

_____
MARK P. HERRON (0051998
75 Public Square, Suite 920
Cleveland, OH  44113
Telephone:  (216) 280-2828
Facsimile:   (216) 696-0075
herronlaw@msn.com

*Counsel for Plaintiff*

AND

**MICHAEL DEWINE (0009181)**
**Ohio Attorney General**

*s/ Anna M. Seidensticker*

_____
ANNA M. SEIDENSTICKER (0046761)
*Trial Counsel*
JEFFREY A. KNIGHT (0086649)
Assistant Attorneys General
Education Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Telephone:  (614) 644-7250
Facsimile:   (614) 644-7634
anna.seidensticker@ohioattorneygeneral.gov
jeffrey.knight@ohioattorneygeneral.gov

*Counsel for Defendants*